**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **MARVIN CAUSEY,**<br><br>    *Plaintiff,*<br><br>**v.**<br><br>**SHERIFF DAVID DAVIS et al.,**<br><br>    *Defendants.* | **CIVIL ACTION NO.**<br>**5:18-cv-00353-TES** |

**ORDER TO SHOW CAUSE**

Before the Court is Defendants John Campbell, David Davis, Alex Fletcher, Theodore Gaines, Daniel Mattox, and Jeffery Prestridge's Amended Motion for Summary Judgment [Doc. 33]. The Parties' briefs on this motion essentially boil down to a dispute over qualified immunity and some potentially meaningful factual disputes. However, after considering this motion, the Court now believes that staying this case on *Younger* abstention grounds may be the appropriate course of action while the state criminal proceedings are pending.

The Court also believes that dismissing Plaintiff's state law false arrest and malicious prosecution claims on Rule 12(b)(6) grounds may be appropriate. By Plaintiff's admission, the state proceedings have not terminated in his favor—an element of a false arrest and malicious prosecution claim under Georgia law. *See McCord v. Jones*, 311 S.E.2d

209, 211 (Ga. Ct. App. 1983) (placing criminal prosecution on dead docket was not termination in plaintiff's favor that would allow them to bring false arrest malicious prosecution claims). Although Plaintiff argues that forcing him to litigate these claims after the state proceedings terminate creates a statute of limitations problem, the Court disagrees because Georgia law is clear that these causes of action do not accrue until the termination of the proceeding. *Id.* ("As there has been no requisite termination of the prior criminal proceeding, the trial court properly granted summary judgment for the appellee on the ground that no cause of action had yet accrued.").

Accordingly, the Court gives notice of its intent to consider staying Plaintiff's claims on *Younger* grounds until the state criminal proceedings are resolved and to dismiss for failure to state a claim Plaintiff's state false arrest and malicious prosecution claims. *See Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526-27 (11th Cir. 1983) (requiring court to give notice and time to respond to grounds for dismissal raised by court but not briefed by parties). Therefore, the Court **ORDERS** Plaintiff to **SHOW CAUSE** in a supplemental brief for why the Court should not stay the proceedings in light of *Younger v. Harris*, 401 U.S. 37 (1971) and dismiss his state false arrest and malicious prosecution claims in light of *McCord*. Plaintiff will have 14 days to file his supplemental brief, and Defendant will have 14 days to file a response. Thereafter, Plaintiff will have seven days to file a reply or affirmatively state his intent not to file a reply. The ordinary page limitations will apply to the briefs (*see* LR 7.4, MDGa), and the

parties are not permitted to supplement any arguments other than those relating to *Younger* abstention.

      **IT IS SO ORDERED** this 10th day of October, 2018.


           **S/ Tilman E. Self, III**
           **TILMAN E. SELF, III, JUDGE**
           **UNITED STATES DISTRICT COURT**