IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIN CAUSEY,<br><br>*Plaintiff*,<br><br>v.<br><br>SHERIFF DAVID DAVIS, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:17-cv-00173-TES |

**ORDER**

What began as a routine endeavor to rule on a motion for summary judgment has resulted in the Court spending considerable time slogging through the record to try to understand which factual allegations support which of Plaintiff's claims for relief against which Defendants. In legal terms, this case is a white-hot procedural mess.

The Court found itself dissecting Plaintiff's Complaint, comparing it to the outline of claims in Defendants' Motion for Summary Judgment, trying to square the maze of allegations in Plaintiff's deposition with his bare-bones Complaint, and then resorting to making complex charts listing all the claims Plaintiff was potentially making against each Defendant. *See* [Doc. 1-1]; [Doc. 33]. Needless to say – this is not the Court's job. Plaintiff has left the Court with an archetypal example of a shotgun pleading, something that the Eleventh Circuit has made clear cannot stand.

Additionally, during the myriad reviews of Plaintiff's Complaint, the Court noticed that Plaintiff has never offered any proof in the record that he ever served Defendant Mock.

This case is simply not in any shape for meaningful review at the summary judgment stage. Here is the Court's plan: The Court first **ORDERS** Plaintiff to **SHOW CAUSE within 14 days** why the Court should not dismiss Defendant Mock from this action for failure to comply with Federal Rule of Civil Procedure Rule 4(m). Second, the Court **ORDERS** Plaintiff to **AMEND** his complaint **within 21 days** (if he desires to go forward) in a manner that clearly complies with Federal Rules of Civil Procedure 8 and 10 – i.e., in a manner that isn't a shotgun pleading.

## BACKGROUND

To begin, the Court will explain the convoluted procedural background of this case.

Two years after an encounter with law enforcement inside a Quick Serve gas station on January 25, 2015, Plaintiff Marvin Causey filed a Complaint [Doc. 1-1] in state court against the officers who arrested him and the Sheriff of Bibb County. *See* [Doc. 1-1, pp. 1, 10–11]. Defendants removed the action to federal court, and the case proceeded to discovery. [Doc. 1]; *see* [Doc. 11]. Following discovery, Defendants David Davis, Theodore Gaines, Alex Fletcher, Daniel Mattox, Jeffery Prestridge, and John Campbell filed a Motion for Summary Judgment.[1] [Doc. 33].

---

[1] Notably, Defendant Mock did not join the Motion for Summary Judgment. *See* [Doc. 33, p. 1].

On October 31, 2018, while Defendants' Motion was pending, this Court entered an Order dismissing Plaintiff's state-law claims and staying all federal claims until the conclusion of the criminal proceedings against Plaintiff.[2] [Doc. 48]. In the Order, the Court also informed Plaintiff that he could file a motion to reopen the case within 30 days after the conclusion of the criminal proceedings against him. [*Id.* at p. 10]. Concurrently, the Court administratively closed the action because the criminal charges against Plaintiff had been placed on the dead docket. *See* [*id.* at p. 7].

Fast forward a few years, and on July 10, 2023, the Superior Court of Bibb County entered an order lifting the underlying criminal case from the dead docket and nolle prossing it. *See* [Doc. 49, p. 2]. In October 2023, Plaintiff moved to reopen the action, and even though Plaintiff's 30 days to file a motion to reopen had long passed, the Court granted his request. [Doc. 49]; [Doc. 50]. For the Court, this meant ruling on Defendants' pending Motion for Summary Judgment [Doc. 33]. So, the Court embarked on its usual protocol for such motions, reviewing discovery and the parties' filings. However, in the process, it unfortunately found several problems with Plaintiff's pleadings.

The story unfolded when the Court curiously noticed that Defendant Mock was

---

[2] The Court also informed Plaintiff that he could resurrect his dismissed state-law claims, if his underlying state criminal prosecutions were ultimately terminated in his favor, by filing an amended complaint. [Doc. 48, p. 6].

3

the only defendant who didn't move for summary judgment. *See* [Doc. 33, p. 1]. Wondering why, the Court took a step back in time and turned to Plaintiff's 2017 Complaint—and in doing so, the case unraveled. The first thing the Court noticed about the Notice of Removal and accompanying Complaint was that neither contained any evidence that Plaintiff ever served Defendant Mock. *See* [Doc. 1]; [Doc. 1-1]; [Doc. 1-2].

Next, the Court noticed, to its dismay, that the clearest guidance as to what in the world Plaintiff was claiming came not from Plaintiff's Complaint but from Defendants' outline of what they considered Plaintiff's claims to be in their Motion for Summary Judgment. *See* [Doc. 1-1]; [Doc. 33]. And while Defendants did the best they could to sift through the Complaint, the Court suspects that Plaintiff's shotgun pleading left them to essentially guess as to what Plaintiff was alleging as to each Defendant.

## DISCUSSION

### A. The Court Orders Plaintiff to Show Cause

While there is evidence in the record that every other Defendant was served in April 2017, the record does not indicate that Plaintiff served Defendant Mock. *See* [Doc. 1-1, pp. 7–12]. Under Rule 4, Plaintiff was required to serve each Defendant individually within 90 days after filing his Complaint. The Court knows that it is a possibility that Defendants accidentally left out this document when filing their Notice of Removal, so the Court **ORDERS** Plaintiff to **SHOW CAUSE within 14 days**—or by **February 14,**

4

**2023**—why the Court should not dismiss Defendant Mock from this action due to Plaintiff's failure to timely serve him in accordance with Rule 4(m).

### B. The Court Orders Plaintiff to Amend His Complaint

Upon looking back at Plaintiff's Complaint, the Court could come to no conclusion other than that it is a textbook example of a shotgun pleading—failing to comply with Federal Rules of Civil Procedure 8(a) and 10(b) and in desperate need of cleaning up before Defendants can fairly respond to it and before the Court can rule on any dispositive motion. *See* [Doc. 1-1]. But before we get ahead of ourselves, let's unwrap what it means to label a pleading a shotgun pleading.

At a minimum, a plaintiff must draft his complaint to comply with the Federal Rules of Civil Procedure's pleading requirements. For the purposes of this Order, the Court reviews the sufficiency of Plaintiff's pleadings under Rules 8(a)(2) and Rule 10(b), which work together to serve at least two critical functions. First, these rules require a plaintiff to "present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985)). Second, they allow courts to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Id.*

Rule 8(a)(2) requires a plaintiff to draft his complaint to "contain . . . a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8 does not require detailed factual allegations, it requires Plaintiff to provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, for a plaintiff to clear this hurdle, his complaint must make "either direct or inferential allegations respecting all *material* elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Similarly, Rule 10(b) requires a plaintiff to draft his complaint to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Given the importance of these pleading requirements, "complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. "[C]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). In fact, tolerating a shotgun pleading is akin to "tolerat[ing] obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). Because a district court suffers serious ramifications if it doesn't require a plaintiff to follow the

6

most basic pleading requirements,[3] a district court has a "supervisory obligation" to direct a plaintiff to better plead his complaint in a manner that complies with federal pleadings requirements. *Hayden v. Wells Fargo Home Mortg.*, No. 1:10-CV-2153-CAP-ECS, 2010 WL 11647492, at *2 (N.D. Ga. Oct 29, 2010); *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (discussing shotgun pleadings as complaints that "fail[] to adequately link a cause of action to its factual predicates").

Thus far, the Eleventh Circuit Court of Appeals has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Id.* However, "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim

---

[3] *See, e.g., Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.")).

rests." *Weiland*, 792 F.3d at 1323. The inherent issue with shotgun pleadings is that they require the district court, as well as all named defendants, to "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claims." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).

Here, Plaintiff's Complaint doesn't specify which facts support which claims against which Defendants and thus fails to "give the defendants adequate notice of . . . the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323. For example, in the section entitled "Common Allegations," Plaintiff clearly accuses Defendant Campbell alone of shooting him. [Doc. 1-1, ¶ 9]. However, in the following section (entitled "Liability as to Defendant Davis"), Plaintiff incorporates every factual allegation into the claims against Sheriff Davis. [*Id*. at ¶ 35]. And then, in the next section asserting state-law claims, he incorporates all the factual allegations and the causes of action against Sheriff Davis into his claims that "Defendants" (plural) threatened, shot, beat and tased him. And then yet again, he incorporates all of *those* claims into the section asserting federal claims against all Defendants. [*Id*. At ¶¶ 40, 43, 49–50]. Plaintiff made absolutely no attempt to ferret out which factual allegations support which claims against which Defendants—rendering Plaintiff's Complaint a hallmark shotgun pleading. *See* [*id*.]. And, by incorporating every factual allegation into every claim and then rolling every state-law claim into every federal claim, he

8

effectively cast his burden onto the Court and Defendants to "identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claims"—something that, again, is simply not the Court's job. *Ledford*, 657 F.3d at 1239.

In the procedural context of a motion to dismiss, this Court has stated that it "can't effectively rewrite an improperly pled complaint in order to rule on a pending dismissal motion" because it puts the judge "in the position of serving as the [plaintiff's] lawyer in rewriting the complaint into an intelligible document a competent lawyer would have written." Order Granting Motion to Strike Amended Complaint, *Mheid v. Minchew*, No. 3:23-cv-00105-TES (M.D.Ga. Dec. 7, 2023), ECF No. 50 (quoting *Jackson*, 898 F.3d at 1357) (internal quotations omitted). In the present case, the Court found itself turning to the Defendants' Motion for Summary Judgment for a clear explanation as to what Plaintiff's claims were—effectively making both the Court and Defendants act as Plaintiff's lawyer.

Trying to make sense of a plaintiff's shotgun pleading isn't the Court's responsibility. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("It is not the proper function of courts . . . to parse out such incomprehensible allegations . . . ."). And it certainly isn't the Defendants' duty. The burden of writing a comprehensible complaint that passes muster under the Federal Rules of Civil Procedure and relevant case law rests solely on Plaintiff.

A district court has an obligation to strike shotgun pleadings and to direct

wayward plaintiffs to refile their complaints in such a way that complies with the Federal Rules—"even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358. Here, the Court does exactly that. But before the Court can outright dismiss a case on shotgun pleadings grounds, it must allow a litigant a chance to remedy such deficiencies. *Vibe Micro*, 878 F.3d at 1295. "In these cases, even if the parties do not request it, the district court should strike the complaint and instruct [the plaintiff] to replead the case—if [the plaintiff] could in good faith make the representations required by [Federal Rule of Civil Procedure] 11(b)." *Id.* The Court will allow Plaintiff a chance to correct his deficiencies.

One final problem with the procedural readiness of this case: In the Court's 2018 order staying the case during the pendency of the criminal charges against Plaintiff, the Court also dismissed Plaintiff's state-law false arrest and malicious prosecution claims without prejudice and alerted Plaintiff that he "may file a motion to reopen this action within 30 days after the conclusion of his state criminal proceeding." [Doc. 48, p. 10]. Further, after dismissing Plaintiff's state-law false arrest and malicious prosecution claims, the Court stated: "If the state proceedings ultimately terminate in Plaintiff's favor, then these causes of action will accrue and he may amend his Complaint to add these claims at that time." [*Id*. at p. 6]. Yet when Plaintiff filed his Motion to Reopen the Case in October 2023, Plaintiff did not file an amended complaint reasserting those state-law claims. Notwithstanding, the Court will allow him to include these claims in

10

an amended complaint.

## CONCLUSION

Plaintiff, as master of his complaint, has the responsibility to ensure his complaint fully complies with well-established pleading requirements under the Federal Rules of Civil Procedure. Because he has failed to do so, the Court concludes that his original Complaint constitutes a shotgun pleading. Accordingly, the Court **STRIKES** Plaintiff's Complaint [Doc. 1-1] and directs him to **AMEND** his Complaint by **February 21, 2024**. If he fails to do so, the Court will dismiss his case. Further, the Court **ORDERS** Plaintiff to **SHOW CAUSE** by **February 14, 2024**, why the Court should not dismiss Defendant Mock from this action for failure to comply with Rule 4(m).

**SO ORDERED**, this 31st day of January, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**